JAMES ELLER et al., Ex't'rs, v. J. W. LILLARD et al.

*Will—Construction—Executor—Advancements—Child's Part—*
*Residuum.*

A testator left his wife certain personal estate described to be hers abso-
lutely, and certain real estate for life, and then bequeathed to her
also "a child's share, equal with one of my children, of all the
property not disposed of otherwise in this will"; and, after making
a bequest of part, he further directed that "the balance of my
bank-stock be equally divided between my children, unless it can
be more agreeably arranged between themselves." He further
devised to the heirs of T. C. W., his grandchildren, a tract of land
theretofore advanced to him (T. C. W.), and remainder in another
tract, and added: "I mean the above-named heirs (grandchildren)
are to have an equal share of my estate with the balance of my
children" (naming them). The will mentions the names of those
who had been theretofore advanced, and their amounts, among
whom was T. C. W., whose advancement was valued at $5,900:
*Held*, (1) that, in an action by the executor to obtain construction
of this will, it was not error in the Court below to require the
children and grandchildren to account to the widow for advance-
ments in ascertaining her child's part; (2) it was not error to allow
T. C. W., and others most advanced, to share equally in the bank-
stock—the residuum—without accounting to those less advanced.

This was a CIVIL ACTION, tried at September Term, 1890,
of ASHE Superior Court, before *Merrimon, J.*

It appears that David Worth died in the county of Ashe
in the month of December, 1888, leaving a last will and tes-
tament, which was duly proven, and the plaintiffs, the execu-
tors therein named, were duly sworn as such. This action
is brought by these executors to obtain a construction of the
said will in respects specified, against the devisees and lega-
tees thereof. The following is a copy of so much of the will
as need be reported here:

"I devise and bequeath to my beloved wife Elizabeth the
home tract of land and adjoining tracts, excepting the one-

hundred-acre tract called the Prather.tract, and about one acre, including the church called Worth's Chapel; also the bounty tract of land estimated at one thousand acres, the home tract, estimated at about four hundred and seventy acres, including one-half of the grist-mill, including one acre of land including the mill, for the term of her natural life; also, all my household and kitchen furniture of every description, all my farming tools necessary for farming purposes; also, my family carriage and buggy, with the appurtenances thereunto belonging; also, two cows—her choice; also a child's share, equal with one of my children, of all the property that is not disposed of otherwise in this will, to be hers absolutely, and at her own disposal. I devise and bequeath one acre of land, including the church called Worth's Chapel, to the M. E. Holston Conference, South. I also devise and bequeath three hundred dollars of my bank-stock in the bank of Abingdon, Va., to the said M. E. Holston Conference, South, the dividend to be annually applied to the support of the minister at Worth's Chapel. *I direct that the balance of my bank-stock in said bank to be equally divided between my children unless it can be more agreeably arranged between themselves.* I direct that my stock in the cotton mills at Roswell, Cobb County, Ga., to be sold on a credit of nine months, with interest from day of sale, with bond and approved security, title reserved until paid. I devise and bequeath to the heirs of my deceased daughter, M. C. Wilcox, former wife of M. F. Wagner, deceased, viz., Lilla Wagner, now Wright, also Marianna Wilcox; also to the heirs of my deceased daughter, R. C. Cowles, viz., David W. Cowles, Carrie L. Cowles and Cora A. Cowles; also the heirs of my daughter, J. L. Benham, viz., Deetle Benham and E. W. Benham; also to the heirs of my son, T. C. Worth, deceased, viz., Walter H. Worth, Elma C. Worth, Jennie M. Worth and Joseph C. Worth, the tract of land that I advanced for the benefit of the last named four chil-

dren, whereon they now reside. I devise to R. C. Worth, widow of T. C. Worth, deceased, the tract of land of about two hundred and thirty acres, whereon she now resides, to be her property during her natural life, then to T. C. Worth's heirs as above named. I mean the above named heirs are to have an equal share of my estate with the balance of my children—the share that the mother or father, if living, would be entitled to, viz., E. C. Lillard, A. L. Lide and A. E. Penn, after taking out the advancements heretofore made or hereafter made. M. C. Wilcox has received $1,920; E. C. Lillard has received $2,234; R. C. Cowles has received $1,455; T. C. Worth has received $5,980; J. L. Benham has received $1,596; Lillie Wagner has received $237; A. L. Lide has received $3,576; A. E. Penn has received $1,725. Reference may be had to a leather-back pocket diary in the iron safe for advancements made up to this date, or hereafter."

The following is so much of the judgment of the Court below as is excepted to by the appellants:

"All the parties in interest being before the Court, and represented by counsel, and the whole matter being considered, the said clauses of said will are construed as follows:

" 1. That after paying the bequests to the church therein mentioned, the residue of the bank-stock is to be divided equally among the children and grandchildren of the testator, the said grandchildren taking *per stirpes*, and, in this fund, that is, the bank-stock, the widow of the testator is not entitled to share, nor is she entitled to have the said bank-stock accounted for in any interest that she may take under this will, as said bank-stock is held to be a specific legacy.

" 2. That, in ascertaining the child's part devised to the widow of testator, she is entitled to require each of the children, and grandchildren representing children, to account for the advancements made by the testator in his life-time, except as to advancements that have been disposed of otherwise in this will, to-wit, the tract of land advanced to T. C.

Worth at the price of $2,000, and any other lands, if any, advanced to any other of the children."

The appellants assign as grounds of error that the Court below required "the children and grandchildren of the testator to account to the widow for the advancements made to them by the testator in ascertaining her (the widow's) share of one child's part," and allowed "T. C. Worth and the others who have been most advanced to share in the bank-stock without accounting for such advancements to those who have been less advanced."

No counsel for plaintiffs.

*Messrs. Q. F. Neal* and *W. H. Bower,* for defendants.

MERRIMON, C. J.—after stating the facts: We are not called upon, nor would it be proper, to interpret the will before us, or particular clauses of it, further than may be necessary in reviewing the judgment of the Court below in the respects embraced by the assignments of error. Our province is simply to correct errors of the Court below—not to go beyond that and interpret the whole will, or determine the rights of devisees or legatees otherwise than as these may be involved in the assignments of error.

The clear purpose of the testator was, first, to provide for his wife. His further purpose, to have his wife and children share equally in his property, except as to specific devises and bequests, is very apparent. And, with this view, he intended that his grandchildren of his deceased children should respectively represent their deceased parent and take the part the parent would take if living. Indeed, in his will, just after the naming of his deceased children, and after each, her or his children, he expressly declares, "I mean the above-named heirs" (the heirs—the children—of his deceased children mentioned) "are to have an equal share of my estate with the balance of my children—the share that the mother or father, if living, would be entitled to, viz., E. C. Lillard, A. L. Lide and A. E. Penn," who were his

surviving daughters and only surviving children, mentioned awkwardly in this connection. And, to make such equality as to his surviving children and the children of his deceased children, he intended that the surviving children and his grandchildren representing respectively their deceased parents, should account to and with each other for certain advancements which he specified in his will, so far as the same had been made at the time he executed it.

Such equality in sharing the property of the testator by his children and grandchildren is confined to the general residue of his estate—it does not, in the absence of direction to the contrary, extend to and embrace specific legacies. A specific legacy implies that the particular thing—property—bequeathed shall go to the legatee just as given, including the amount or measure thereof. *Starbuck* v. *Starbuck*, 93 N. C., 183. Hence, as to the special legacies, the testator did not intend that the co-legatees should account to and with each other for advancements—he intended that these legatees should take the property so bequeathed just as he gave it—the law so implies in the absence of contrary intent expressed. And no such contrary intent is expressed. Indeed, in disposing of his general property—in that immediate connection—he directs that advancements be accounted for, thus showing his purpose to confine this direction to the residue of the estate. Hence, the objection that the legatees sharing in the specific legacy of the bank-stock, who had received advancements larger than others sharing in it, were not required to account for such advancements is unfounded. No objection was made that the grandchildren were allowed to share in the legacy, and the exception raised no question in that respect.

The testator devises and bequeaths to his wife certain property specified, and, in addition thereto, "also a *child's share, equal with one of my*" (his) "*children*, of all the property that is not disposed of otherwise in this will, to be hers absolutely and at her own disposal." He makes no express

disposition of his property, real or personal, other than that specifically disposed of to his children, but he declares that "I mean the above named heirs" (certain grandchildren) "are to have an equal share of my estate with the balance of my children" (meaning his surviving children), "the share that the mother or father, if living, would be entitled to." He thus impliedly disposes of the residuum of his property to his children and grandchildren, and expressly specifies advancements that certain of them, particularly named, must account for. This is substantially in harmony with the statute of distribution of estates, and it seems that he so thought and intended that it should be. His language as to his wife clearly implies his purpose that she shall have "a child's share" of the residuum of his property—to put her on an equal footing with his children as to that, and he further points out and provides that a child's share shall be ascertained by requiring his children to account for specified advancements made at the time he executed his will, and that might be thereafter made before his death. If the children were not required to account for advancements, as specified in ascertaining a child's part to and with the widow, then she would not get "a child's share, equal with one of my children, of all the property that is not disposed of by this will"—she would not be on an equal footing with the children as to the distribution of that property. In ascertaining the intention of the testator, it is to be observed that all the provisions as to equality in sharing the property have reference to the residuum, and, in that connection, embrace the wife. It seems that the testator had in view the statute (*The Code*, § 1483), which requires that children shall account to and with the "widow of the intestate in ascertaining the child's part of the estate." We are, therefore, of opinion that the Court properly required the children to account to and with the widow for advancements, as specified in the will, in ascertaining her share of the residuum.

Judgment affirmed.